IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA


James Harvey Kennedy,            )
                                  ) CIVIL ACTION NO. 9:09-0038-SB-BM
         Plaintiff,       )
                                  )
v.                                 )
                                  ) **REPORT AND RECOMMENDATION**
Bernard Mackie, Warden;     )
Doctor Moore, Medical Director;  )
Doctor Steem Prison Physician;   )
Nurse McIntye and Nurse Robinson,  )
                                  )
        Defendants.      )
_____)


      This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff, who was a detainee at the Kirkland Correctional Institution at the time this action was filed,

alleges violations of his constitutional rights by the named Defendants.

      On September 21, 2009, the Defendants filed a motion for summary judgment. By

Order of this Court filed September 22, 2009, Plaintiff was advised of the summary judgment

procedure and of the possible consequences if he failed to respond. See Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975). Despite this warning and explanation, however, Plaintiff failed to respond

to the motion for summary judgment. In light of Plaintiff's pro se status, the undersigned then issued

a second order on October 28, 2009 granting Plaintiff an additional ten (10) days to respond and

specifically advising him that if he failed to do so, this action would be recommended for dismissal

1



for failure to prosecute. <u>See</u> <u>Davis v. Williams</u>, 588 F.2d 69,70 (4th Cir. 1978); <u>Simpson v. Welch</u>, 900 F.2d 33, 35-36 (4th Cir.1990); <u>see also</u> <u>Ballard v. Carlson</u>, 882 F.2d 93, 95-96 (4th Cir.1989)[holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

On November 16, 2009, Plaintiff asked for an additional extension of time to respond, and on November 19, 2009, an Order granting an extension of time for the Plaintiff to file a response to December 11, 2009 was mailed to Plaintiff. However, Plaintiff's copy of the Court's Order was returned to the Clerk of Court on November 30, 2009, with the envelope being marked "Return to sender. This inmate is no longer at the Charles B. Webster Detention Center". The deadline of December 11, 2009 has now also passed, with no response having been filed by the Plaintiff.

The Court notes that when Plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

<u>See</u> Order filed January 28, 2009.

Plaintiff has failed to comply with this order, and as a result neither the Court nor the Defendants have any means of contacting him concerning his case. Further, Plaintiff has failed to comply with the Order of this Court filed October 28, 2009, which specifically warned Plaintiff that his case would be dismissed for failure to comply.

Based on the foregoing, and the previous instructions and specific warning given to



the Plaintiff in the Court's orders of March 2, 2009 and October 28, 2009, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P.; see <u>Ballard</u>, 882 F.2d at 93, 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion]. The Clerk is directed to mail this Report and Recommendation to Plaintiff's last known address.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 15, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 395
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

