IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 JAN 13 P 12: 20

James Harvey Kennedy, )
)
      Plaintiff, )
)
v. ) Civil Action No. 9:09-38-SB-BM
)
Bernard Mackie, Warden; )
Doctor Moore, Medical Director; )
Doctor Steem Prison Physician; ) **ORDER**
Nurse McIntyre; and Nurse Robinson, )
)
      Defendants. )
_____)

This matter is before the Court upon the Plaintiff's pro se complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. By local rule, the matter was referred to a United States Magistrate Judge for preliminary determinations.

On September 21, 2009, the Defendants filed a motion for summary judgment. On September 22, 2009, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedures and informing him of the need to respond to the government's motion and the possible consequences of failing to respond. Despite this warning and explanation, the Plaintiff failed to respond.

Therefore, on October 28, 2009, the Magistrate Judge issued a second order, granting the Plaintiff an additional ten (10) days to respond and specifically advising the Plaintiff that his case may be dismissed if he failed to respond. On November 16, 2009, the Plaintiff asked for an extension of time, and on November 19, 2009, the Magistrate Judge issued an order granting the Plaintiff until December 11, 2009, to file a response.

Importantly, however, this order was returned to the Clerk of Court on November 30, 2009, marked "Return to sender. This inmate is no longer at the Charles B. Webster Detention Center."

On December 16, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R") analyzing this action and recommending that the Court dismiss the Plaintiff's complaint with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In the R&R, the Magistrate Judge noted that, upon filing this action, the Plaintiff was specifically instructed to keep the Court advised in writing of any change of address, and that a failure to do so may result in his case being dismissed.

On January 5, 2010, the R&R was returned to the Clerk of Court, marked "Return to Sender. This inmate is no longer at the Charles B. Webster Detention Center." Here again, it appears that the Plaintiff has failed to keep the Court advised of his current address, and he has failed to comply with the Court's orders.

Moreover, absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Plaintiff did not file any specific, written objections, there are no portions of the R&R to which the Court must conduct a de novo review. Accordingly, the Court hereby adopts the Magistrate Judge's R&R, and it is

**ORDERED** that this action is dismissed with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2

AND IT IS SO ORDERED.

_____
The Honorable Sol Blatt, Jr.
Senior United States District Judge

January 13, 2010
Charleston, South Carolina

#3